**CITY SOLUTIONS, INC., Plaintiff,**

v.

**CLEAR CHANNEL COMMUNICATIONS, INC., Eller Media Company and Adshel, Inc., Defendants.**

**No. C 99–00060 WHA.**

United States District Court, N.D. California.

March 13, 2002.

Nelson E. Brestoff, Joel S. Moskowitz, Moskowitz Brestoff Winston & Blinderman, Los Angeles, CA, for plaintiff.

Michael B. Green, Brobeck Phleger & Harrison LLP, San Francisco, CA, Richard S. Odom, Brobeck Phleger & Harrison, Los Angeles, CA, Scott R. Campbell, Daniel S. Mason, Zelle Hofmann Voelbel Mason & Gette LLP, San Francisco, CA, for defendants.

**ORDER: (1) GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (2) VACATING HEARING**

ALSUP, District Judge.

Plaintiff City Solutions, Inc., is suing defendants upon claims arising out of a failed bid for a San Francisco city contract for newsracks. An order issued November 21, 2001, granted summary judgment

for defendants on CSI's third (breach of oral joint venture agreements) and fifth (interference with contract) causes of action. Because these claims were intertwined with CSI's cause of action against defendant Eller Media Company for breach of fiduciary duty, the order indicated defendants could file a further motion for partial summary judgment pertaining to this claim only. Defendants have done so, arguing that no such duty was created in the course of the parties' dealings. This order agrees with defendants and therefore **GRANTS** summary judgment on CSI's breach of fiduciary duty claim. The hearing scheduled for March 14, 2002 at 8:00 a.m. is **VACATED.**

\*     \*     \*     \*     \*     \*

The parties are well aware of the underlying facts of this case, which are discussed in detail in the November 21 order. In its amended complaint, CSI alleges that Eller owed CSI fiduciary duties "arising (a) out of a Confidentiality Agreement regarding confidential information proprietary to CSI and (b) the formation of an oral joint venture between them as partners to bid for the San Francisco news rack contract" (FAC ¶ 67). Eller allegedly breached its duties by (FAC ¶ 68):

> [T]elling CSI that the prospective acquisition by its parent, Clear Channel, of More Grup and Adshel would not affect the confidential and fiduciary relationships being discussed between the parties; then forming a joint venture with CSI; and then, just days before the response to the RFP was due, terminating its relationship with CSI and forming a new joint venture with Clear Channel's new subsidiary, Adshel, to compete against CSI.

Plaintiff's breach of fiduciary duty claim is in addition to its separate cause of action for breach of a written confidentiality agreement (*id.* at ¶¶ 71–74).

\*     \*     \*     \*     \*     \*

■ The November 21 order has already rejected CSI's argument that it and Eller formed an oral joint venture to bid for the newsrack contract. This purported agreement therefore cannot support its breach of fiduciary duty claim. As for the confidentiality agreement, in its opposition CSI seems to abandon its allegation that this agreement gave rise to a fiduciary duty (Opp.13). This order will address this contention in any event. It is a well-settled principle that parties to a contract do not by necessary implication become fiduciaries. *Gonsalves v. Hodgson,* 38 Cal.2d 91, 99, 237 P.2d 656 (1951). Nor are fiduciary obligations imposed simply because the parties to a contract reposed trust and confidence in each other. *Girard v. Delta Towers Joint Venture,* 20 Cal.App.4th 1741, 1749, 26 Cal.Rptr.2d 102 (1993). Some courts have combined these two principles to hold that parties to a confidentiality agreement do not stand in a fiduciary relationship as to each other simply by virtue of the agreement. *See, e.g., In re Kaiser Merger Litig.,* 168 B.R. 991, 998 (D.Colo.1994). In fact, it makes great sense not to impose fiduciary duties concomitantly with confidentiality agreements. The existence of a detailed confidentiality agreement suggests arm's-length dealings between co-equals.

■ There is nothing within the particular confidentiality agreement here that points to a contrary conclusion. The agreement between Eller and CSI, reached on April 2, 1998, provided, in pertinent part, that "Eller Media agrees to hold in confidence and to not disclose the Confidential Information to any person or entity without the prior written consent of CSI" (Trento Dep. Exh. 237). It further recited that if "it appears that Eller Media has disclosed (or has threatened to disclose) Confidential Information in violation of this Agreement, CSI shall be entitled to

an injunction to restrain Eller Media from disclosing, in whole or in part, the Confidential Information. CSI shall not be prohibited by this provision from pursuing other remedies, including a claim for losses and damages." Finally, it provided that it "[did] not create any agency, partnership, or joint venture" (*ibid.*).

This agreement, rather clearly, did *not* create a fiduciary relationship. Indeed, in no uncertain terms it stated that it did not give rise to a relationship that would connote such duties.[1] By way of contrast, an otherwise similar confidentiality agreement entered into by CSI and another party for a different proposal expressly provided that it *did* create a fiduciary duty on the part of the disclosee (CSI's co-party) not to disclose confidential information (Schumann Exh. F). The fact that comparable language was not incorporated into the confidentiality agreement with Eller further affirms the conclusion that the agreement did not create a fiduciary duty.

\* \* \* \* \* \*

In its opposition to defendants' motion, CSI makes an argument different from those posited by its complaint. CSI now asserts that Eller's fiduciary duties were not created by the confidentiality agreement, but rather by the parties' subsequent interactions with each other. CSI asserts that these interactions gave rise to a confidential relationship sufficient to support a claim for breach of fiduciary duty. This order disagrees with CSI's argument, and holds that as a matter of law no fiduciary duty existed.

CSI's argument first points to a valid distinction between the two types of fiduciary duties—those imposed by law, and those undertaken by agreement. A duty is imposed by law in certain legal relationships inapplicable here, such as between partners and joint venturers. *See GAB Business Services, Inc. v. Lindsey & Newsom Claim Services,* 83 Cal.App.4th 409, 416, 99 Cal.Rptr.2d 665 (2000). A fiduciary duty is undertaken by agreement, meanwhile, when one party enters into a "confidential relationship" with another. *Id.* at 417, 99 Cal.Rptr.2d 665.

A "confidential relationship" imposing fiduciary duties does not arise every time two parties share confidences with one another. "The mere fact that in the course of their business relationships the parties reposed trust and confidence in each other does not impose any corresponding fiduciary duty in the absence of an act creating or establishing a fiduciary relationship known to law." *Worldvision Enterprises, Inc. v. American Broadcasting Cos., Inc.,* 142 Cal.App.3d 589, 595, 191 Cal.Rptr. 148 (1983). A "confidential relationship" arises only "where a confidence is reposed by one person in the integrity of another, and ... the party in whom the confidence is reposed ... voluntarily accepts or assumes to accept the confidence," *GAB,* 83 Cal. App.4th at 417, 99 Cal.Rptr.2d 665, quoting *Barbara A. v. John G.,* 145 Cal.App.3d 369, 382–83, 193 Cal.Rptr. 422 (1983). Significantly, in the context of claims for breach of fiduciary duty, the expansive language of *Barbara A.* is bounded by its admonition that "[t]he essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, because the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party." *Id.* at 383, 193 Cal.Rptr. 422. *See also Vai v. Bank of America,* 56 Cal.2d 329, 338, 15 Cal.Rptr. 71, 364 P.2d 247 (1961) ("The key factor in the existence of

---

1. Even if it did, presumably that duty would encompass only the nondisclosure of confidential information. This is not the breach alleged by CSI in its complaint.

a fiduciary relationship lies in control by a person over the property of another").

The question of whether an agreement giving rise to a confidential relationship exists is a question of fact. Nevertheless, summary judgment remains proper when the facts, taken in the light most favorable to plaintiff, make it perfectly clear the parties' dealings fall into a category of relationships not susceptible to fiduciary obligations and that the parties have not, by their actions, taken themselves out of its ambit. *See Girard*, 20 Cal.App.4th at 1748, 26 Cal.Rptr.2d 102 (commercial landlord and tenant relationship); *Worldvision Enterprises*, 142 Cal.App.3d at 595, 191 Cal.Rptr. 148 (television network and syndicated-program provider). The record here is crystal-clear: both CSI and Eller negotiated as co-equals and interacted with their eyes wide open. This is evidenced by the parties' actions, including CSI and Eller's retention of separate counsel. It is also reflected in the confidentiality agreement itself. This bargained-for pact, providing remedies for breach of its terms, is inconsistent with a fiduciary relationship in which Eller had the balance of power. Furthermore, it is nonsensical to argue, as CSI does, that although the confidentiality agreement did not create a fiduciary relationship, under *GAB* the negotiators' sharing of confidences pursuant to and clearly envisioned by that agreement raised a triable issue regarding a confidential relationship.

Finally, much of CSI's argument presupposes that it and Eller reached an agreement to bid together. The law of this case, however, is that CSI and Eller never reached such an agreement. Thus the decisions cited by CSI in which joint-venture agreements were at issue are off-point. *Leff v. Gunter*, 33 Cal.3d 508, 513, 189 Cal.Rptr. 377, 658 P.2d 740 (1983), *Franco Western Oil Co. v. Fariss*, 259 Cal.App.2d 325, 344–45, 66 Cal.Rptr. 458

(1968). This prior holding also preempts any claim by CSI that fiduciary duties arose because Eller placed it in a position of vulnerability with regard to the newsrack bid. This Court will not chill future negotiations (and severely limit eligible pools of bidders in the process) by making negotiators subject to fiduciary duties, including an obligation not to compete for the same bid, where such negotiations fall short of an agreement to bid together.

\* \* \* \* \* \*

Notwithstanding the sharing of information between CSI and Eller that may have taken place, as a matter of law the negotiations here did not produce a fiduciary duty. For this reason, defendants' motion for partial summary judgment on CSI's fiduciary-duty claim is **GRANTED**.

**IT IS SO ORDERED.**